

February 9, 2017


**VIA ECF**

Hon. Paul G. Gardephe, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2204
New York, NY 10007


Re:  Shapiro v. NFGTV, Inc. d/b/a Eastern, et al., 16 Civ. 9152 (PGG)


Dear Judge Gardephe:

As counsel for Plaintiff Kelly Shapiro, I write pursuant to Rule 4.A. of Your Honor's Individual Rules in response to Defendants NFGTV, Inc. d/b/a Eastern's ("Eastern") and WE tv LLC's (collectively, "Defendants") February 6, 2017 pre-motion letter.

Plaintiff intends to file an amended complaint, pursuant to Federal Rules of Civil Procedure Rule 15, to make her misrepresentation and fraud claims more specific.  Plaintiff will also drop her breach of contract claim and state a claim for breach of the implied covenant of good faith and fair dealing based on facts independent of the Participant Agreement.

Defendants seek to bar all of Plaintiff's claims through a narrow reading of the Participant Agreement and an enforcement of the release.  The waiver does not apply because plaintiff was fraudulently induced to enter into the Participant Agreement.  *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).  Defendants argue that Plaintiff's allegations regarding fraudulent inducement are not "plausible" due to the nature of reality TV.  However, as Plaintiff alleges in the complaint, Defendants represented that the reality show they were producing about minorities in the law would not be a typical reality show and would instead portray the participants in a professional and favorable manor.  Complaint ¶¶ 3-4.  Plaintiff's amended complaint will add more specific allegations regarding Defendants' fraudulent inducement and their misrepresentations in this regard.

Finally, the merger clause in the Participant Agreement is too general to preclude plaintiff's claim of fraud in the inducement.  *See Mfrs. Hanover Trust Co. v. Yanakas,* 7 F. 3d 310, 215 (2d Cir. 1993); *see also Kwon v. Yun,* 606 F. Supp. 2d 344, 359 (S.D.N.Y. 2009). The merger clause in Section 27(b) of the agreement states that "I acknowledge that I have not relied upon any statement or representation, express or implied, of Producer and/or the WE Parties (or any employee or agent of Producer and/or the WE Parties) other than as specifically and



explicitly set forth herein in agreeing to and entering into this Agreement." *C.f. Psenicska v. Twentieth Century Fox Film Corp.*, 07 Civ. 10972 (LAP), 2008 U.S. Dist. LEXIS 69214 at *22 (S.D.N.Y. 2008) (court upheld waiver where merger clause stated that plaintiff had not relied "upon any promises or statements made by anyone about the *nature of the Film* or the *identity* of any other Participants or any other persons involved in the Film.") (emphasis in original). Accordingly, Plaintiff's claim of fraudulent inducement bars the application of the release at this stage.

Finally, neither Plaintiff nor her counsel should be subject to sanctions because Plaintiff's claims are not frivolous: Plaintiff was fraudulently induced into entering into the Participant Agreement and therefore the release does not bar her claims.

Given that Plaintiff plans to amend the complaint, Plaintiff believes that a pre-motion conference would be premature at this time.

Respectfully submitted,

Sara Colón